Meredith Holley
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615
    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| JOANNA CHELSEA STOBBE,<br>    Plaintiff,<br><br>v.<br><br>STEVE DECLERCK BK, INC., an Oregon Corporation dba BURGER KING,<br><br>Defendants. | Case No. 1:21-cv-00447<br><br>COMPLAINT<br>42 U.S.C. 2000e *et seq.* (Hostile Work Environment Sexual Harassment) and Oregon law (Hostile Work Environment Sexual Harassment and Workers' Compensation Retaliation)<br><br>*Demand for Jury Trial* |

## INTRODUCTION

1.

Soon after Defendant hired Plaintiff, its District Manager began treating her differently than the men she worked with. He told her to "Go do the dishes. That's women's work." He made suggestive comments about the color of her pubic hair and that Plaintiff and another woman offer him sexual favors. When Plaintiff complained about his behavior, suddenly the District Manager assigned her to work alone in the late night and early morning hours.

COMPLAINT – Page 1

On Plaintiff's last night of work, two men called separately from anonymous numbers, asking if she was working alone. Plaintiff was terrified, and had no choice but to quit for her own safety.

### JURISDICTION AND VENUE

2.

This matter arises under federal law, 42 U.S.C. § 2000e. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3.

The events underlying Plaintiff's claims took place in Josephine County, Oregon, making venue proper in the District of Oregon, Medford Division.

### PARTIES

4.

Plaintiff Joanna Chelsea Stobbe is a resident of Josephine County, Oregon.

5.

Defendant Steve Declerck BK, Inc., as an Oregon corporation doing business as Burger King, with restaurants in Josephine County, Oregon.

### FACTUAL ALLEGATIONS

6.

On May 5, 2019, Defendant hired Ms. Stobbe as an employee to work in two restaurants in Grants Pass, Oregon. In June 2019, Defendant Burger King promoted Ms. Stobbe to Manager. Ms. Stobbe did not receive an increase in pay when she was promoted.

7.

In August 2019, Defendant hired Dan Baltes as District Manager. Baltes immediately began treating female employees differently than male employees. For example, Baltes

told Ms. Stobbe to "Go do the dishes. That's woman's work." Baltes told Ms. Stobbe, while she was standing in the kitchen, "Look, you're finally in your place."

8.

In early October 2019, Ms. Stobbe tripped and fell while on the job. She injured her wrist and filed a worker's compensation claim for her injury.

9.

Around the second week of October 2019, Defendant Baltes approached Ms. Stobbe and asked about her injury. In the course of conversation, Ms. Stobbe told Defendant Baltes that she was naturally blonde and that she died her hair darker. Defendant Baltes said, "I don't believe you're blonde." Ms. Stobber offered to show Defendant Baltes a picture of her hair blonde. Defendant Baltes said, "That's not what I mean," and looked pointedly up and down Ms. Stobbe's body, indicating that he was talking about the color of her pubic hair. After he looked at her body up and down, Defendant Baltes walked away.

10.

Minutes later, Defendant Baltes returned and asked, "Why are you still here?" Ms. Stobbe responded that she was waiting for the line at the counter to die down so she could buy food and thought it would be only another 20 minutes. Defendant Baltes said, "I know what we could do for 20 minutes," in a tone that made it clear he was propositioning Ms. Stobbe for sex. Ms. Stobbe was shocked and said, "No." Defendant Baltes said, "You don't have to deny me so fast!"

11.

That same day, Ms. Stobbe used the call-in line she had been instructed to use to report Baltes's sexual harassment. The intake person said the office would investigate and get back to her. Ms. Stobbe had seen an extensive investigation of an employee who was Mexican-American when another employee accused him of inappropriate conduct, so Ms. Stobbe expected to see an investigation. Instead, she received no response.

COMPLAINT – Page 3

12.

The next day, Ms. Stobbe reported Defendant Baltes's behavior to her General Manager. The General Manager told Ms. Stobbe, "He's just testing his waters."

13.

Around the third week of October 2019, Defendant Baltes called another female employee in to work. The employee lived outside of town and after work told Baltes she needed a ride home. Baltes said, "I'll give you a ride home, but we need to make a pit stop." His tone of voice made it clear that by "pit stop" he meant he expected the female employee to have sex with him in exchange for the ride home. Ms. Stobbe stepped in and offered to give the employee a ride home.

14.

Around the fourth week of October 2019, Ms. Stobbe reported the incident with her coworker to the corporate reporting phone number. The representative that Ms. Stobbe spoke with that there would be an investigation into the incidents. Still, Ms. Stobbe was expected to work under Baltes, and things only got worse.

15.

Also around the fourth week of October 2019, another manager told Ms. Stobbe that he had also reported Baltes's sexual harassment to corporate.

16.

Around the first week of November 2019, Ms. Stobbe found out that Baltes had fired the other manager who reported Baltes. It seemed like Defendant had told Baltes about the complaints against him.

17.

At the same time, in the first week of November 2019, Baltes started requiring Ms. Stobbe to open and close the restaurant alone. This was very dangerous and against store policy. Ms. Stobbe ended up working from around 8:00 p.m. until 2:00 a.m. alone. This

seemed so dangerous that Ms. Stobbe asked a friend to stay the store with her so that she would not be alone late at night. Baltes continued to require Ms. Stobbe to work alone in the late evening and early morning hours in the first two weeks of November 2019.

18.

On November 17, 2019, Defendant Baltes told Ms. Stobbe that she was again required to close the store alone. Ms. Stobbe asked Defendant Baltes at least one employee could stay and help her close because it was dangerous to be in the store alone late at night. Defendant Baltes told Ms. Stobbe, "No" and told her he wanted to save money on payroll.

19.

While Ms. Stobbe was working alone on November 17, 2019, a man called in from an anonymous line and asked if she was working alone. Later in the evening another man called from an anonymous number and asked if Ms. Stobbe was working alone. Ms. Stobbe was terrified. Afraid for her safety, and worried that Defendant Baltes was intentionally retaliating against her, Ms. Stobbe felt she had no other choice than to leave her position that night.

20.

On June 19, 2020, Ms. Stobbe filed charges as above with the Oregon Bureau of Labor and Industries and the Equal Employment Opportunity Commission.

21.

On January 25, 2021, the Oregon Bureau of Labor and Industries issued Ms. Stobbe a 90-day right to sue letter.

22.

On February 9, 2021, the Equal Employment Opportunity Commission issued Ms. Stobbe 90-day notice of right to sue.

23.

Defendant's actions as described above caused Ms. Stobbe harms including wage loss, humiliation, fear for her safety, betrayal at her employer defending a sexual harasser and retaliating against employees who reported him, anxiety, and offense, compensatory damages for which are to be proven to a jury at trial.

**FIRST CLAIM FOR RELIEF – ORS 650A.030**
**HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT**

24.

Plaintiff repeats and realleges paragraphs 1-23 as though fully set forth.

25.

At all material times to this Complaint Dan Baltes was acting individually and within the scope of his employment with Defendant as Plaintiff's supervisor.

26.

Defendant violated ORS 659A.030 by subjecting Plaintiff to unwanted, offensive verbal or physical conduct that was severe or pervasive enough to alter the conditions of Plaintiff's employment and create a work environment that a reasonable person in plaintiff's circumstances would consider to be abusive or hostile enough to alter the conditions of Plaintiff's employment. Plaintiff perceived the environment to be abusive or hostile. Plaintiff reported the harassment through multiple of Defendant's reporting options. Defendant and/or members of Defendant's management knew or should have known of the harassment and failed to take immediate, appropriate remedial action reasonably calculated to end the harassment as described above, culminating in Defendant taking the following tangible employment actions because of Plaintiff's sex:

a) Requiring Plaintiff to work dangerous hours in the early morning and/or late night alone in Defendant's restaurant;

b) Refusing to allow Plaintiff to ask another employee to work with her during early morning hours and/or late night hours, despite the danger;

c) Requiring Plaintiff to do dishes and/or other work in the kitchen it designated as "women's work";

d) Intentionally creating or maintaining discriminatory working conditions related to Plaintiff's status as a woman, which working conditions were so intolerable that a reasonable person in Plaintiff's position would have resigned. Defendant knew or should have known Plaintiff was substantially certain to leave employment because of the working conditions, and Plaintiff left employment.

27.

Defendant's violations have caused and continue to cause Plaintiff harms as described above, and Plaintiff is entitled to compensatory damages for those financial and non-financial harms.

28.

Plaintiff is entitled to attorney fees under ORS 659A.885.

## SECOND CLAIM FOR RELIEF – TITLE VII
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

29.

Plaintiff repeats and realleges paragraphs 1-28 as though fully set forth.

30.

At all material times to this Complaint Dan Baltes was acting individually and within the scope of his employment with Defendant as Plaintiff's supervisor.

31.

Defendant violated Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq.*, by subjecting Plaintiff to unwanted, offensive verbal or physical conduct that was severe or pervasive enough to alter the conditions of Plaintiff's employment and create a work

environment that a reasonable person in plaintiff's circumstances would consider to be abusive or hostile enough to alter the conditions of Plaintiff's employment. Plaintiff perceived the environment to be abusive or hostile. Plaintiff reported the harassment through multiple of Defendant's reporting options. Defendant and/or members of Defendant's management knew or should have known of the harassment and failed to take immediate, appropriate remedial action reasonably calculated to end the harassment as described above, culminating in Defendant taking the following tangible employment actions because of Plaintiff's sex and/or retaliation because of Plaintiff's reports of sexual harassment:

e) Requiring Plaintiff to work dangerous hours in the early morning and/or late night alone in Defendant's restaurant;

f) Refusing to allow Plaintiff to ask another employee to work with her during early morning hours and/or late night hours, despite the danger;

g) Requiring Plaintiff to do dishes and/or other work in the kitchen it designated as "women's work";

h) Intentionally creating or maintaining discriminatory working conditions related to Plaintiff's status as a woman, which working conditions were so intolerable that a reasonable person in Plaintiff's position would have resigned. Defendant knew or should have known Plaintiff was substantially certain to leave employment because of the working conditions, and Plaintiff left employment.

32.

Defendant's violations have caused and continue to cause Plaintiff harms as described above, and Plaintiff is entitled to compensatory damages for those financial and non-financial harms.

33.

Under Title VII, 42 U.S.C. 2000e-2, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

### THIRD CLAIM FOR RELIEF - ORS 659A.040
### WORKERS' COMPENSATION RETALIATION

34.

Plaintiff repeats and realleges paragraphs 1-33 as though fully set forth.

35.

At all material times to this Complaint, Dan Baltes was acting individually and within the scope of his employment with Defendant.

36.

Defendant violated ORS 659A.040 by targeting Plaintiff with questions regarding her workers' compensation claim, requiring her to work late nights and early morning hours a alone, and ultimately forcing her to leave Defendant's employment for her own safety, all of which was motivated by retaliation for Plaintiff attempting to utilize workers' compensation benefits.

37.

Defendant's violations have caused and continue to cause Plaintiff harms as described above, and Plaintiff is entitled to compensatory damages for those financial and non-financial harms.

38.

Plaintiff is entitled to attorney fees under ORS 659A.885.

_____

WHEREFORE, Plaintiff Joanna Chelsea Stobbe prays for judgment against Defendants as follows:

COMPLAINT – Page 9

(a) Economic damages in the form of expenses and lost income in an amount to be determined at trial, and prejudgment interest thereon;

(b) Fair and reasonable compensatory damages to be determined at the time of trial;

(c) Liquidated damages;

(d) Penalty wages; and

(e) Reasonable attorney fees and costs incurred herein.

DATED this 23rd day of March, 2021.

_____
Meredith Holley, OSB No. 125647

LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff